COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOHN W. NOBLE
VICE CHANCELLOR

417 SOUTH STATE STREET
DOVER, DELAWARE 19901
TELEPHONE: (302) 739-4397
FACSIMILE: (302) 739-6179

November 28, 2014

Stephen P. Lamb, Esquire
Paul, Weiss, Rifkind, Wharton
    & Garrison LLP
500 Delaware Avenue, Suite 200
Wilmington, DE  19801

Kevin G. Abrams, Esquire
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, DE  19807

Re: *AM General Holdings LLC v. The Renco Group, Inc.*
     C.A. No. 7639-VCN
     *The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
     C.A. No. 7668-VCN
     Dates Submitted:  July 31, 2014 and November 21, 2014

Dear Counsel:

The Renco Group, Inc. ("Renco") and MacAndrews AMG Holdings LLC ("MacAndrews AMG") debate the value of AM General Holdings LLC ("Holdco").  They have reached an impasse in their efforts to agree upon the Third Appraiser to determine the appraised value as provided in Section 15.12 of Holdco's Limited Liability Company Agreement (the "Holdco Agreement").

*AM General Holdings LLC v. The Renco Group, Inc.*
   C.A. No. 7639-VCN
*The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
   C.A. No. 7668-VCN
November 28, 2014
Page 2

Selection of a valuation expert in this context is difficult for two principal reasons. First, the valuation is challenging because Holdco involves an operating company in the global defense industry. Second, because of the wide-ranging activities of the parties and their affiliates, finding a qualified appraiser without any conflicts presents an obstacle bordering on insurmountable.[1] Conflicts, some more significant than others, appear to have frustrated selection from among the larger, nationally respected firms whose qualifications could not be otherwise debated.

Each side has proposed two appraisal firms. The Court will choose from among them. Each firm undoubtedly has personnel qualified to perform the job. The parties agreed to select a "firm," not an individual. Perhaps the concern was depth and breadth of experience or the extent of the resources that could be assigned to the task. Yet, some of the "firms" seem essentially to be operations of their individual leaders who are former heads of the valuation practice at "Big

---

[1] The Court is designating a Qualified Appraiser as the Third Appraiser in accordance with the Holdco Agreement. If the parties decide to reevaluate their firm and, perhaps, unforgiving positions on conflicts, a change that I do not anticipate, they are free to pursue that course and select a different Third Appraiser based on agreement and a mutual understanding of its implications.

*AM General Holdings LLC v. The Renco Group, Inc.*
   C.A. No. 7639-VCN
*The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
   C.A. No. 7668-VCN
November 28, 2014
Page 3

Four" accounting firms.  But, with the difficulties in avoiding conflicts generally, retention of a smaller "firm" which may not have the "caliber" of larger, but unavailable, firms seems unavoidable.

Valuation Research Corporation ("Valuation Research"), proposed by MacAndrews AMG, subject to a conflicts check, appears to be the firm most closely meeting the standards agreed to by the parties.  It has eight offices in the United States and has conducted valuations in the United States and international business communities for more than three decades.  For example, its international experience includes valuing the Panama Canal with its power generation activities and transmission lines, the water utility system, the lock system, and the railroad assets.

An order designating Valuation Research will be entered.

\* \* \*

In addition, MacAndrews AMG contends that Renco's Alternate Appraisal's critique of its Initial Appraisal is beyond the scope allowed in the valuation

*AM General Holdings LLC v. The Renco Group, Inc.*
   C.A. No. 7639-VCN
*The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
   C.A. No. 7668-VCN
November 28, 2014
Page 4

provisions of the Holdco Agreement.[2]  Part of an appraiser's (in this context, essentially an "arbitrator's") function is determining what may properly be considered (and the weight to be given to it).  The risk that the Third Appraiser would be misled or that MacAndrews AMG would be prejudiced appears minimal.  Thus, an order denying MacAndrews AMG's motion to exclude or to redact portions of Renco's Alternate Appraisal will be entered.

Very truly yours,

*/s/ John W. Noble*

JWN/cap
cc:   Thad J. Bracegirdle, Esquire
      Joel E. Friedlander, Esquire
      Register in Chancery-K

---

[2] *See* MacAndrews AMG Hldgs. LLC's Br. in Opp'n to The Renco Gp., Inc.'s Appl. for Appt. of a Third [Appraiser] and in Supp. of its Cross-Mot. to Exclude Inappropriate Material from the Alternate Appraisal at 13-15.